T.C. Summary Opinion 2002-151


UNITED STATES TAX COURT



ARTHUR O. & WANDA E. TREVINO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5284-01S.                    Filed November 21, 2002.


Arthur O. Trevino and Wanda E. Trevino, pro sese.

<u>Michael D. Zima</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $2,483 for the taxable year 1998.

The issue for decision is whether and to what extent petitioners are liable for the alternative minimum tax (AMT).

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Mayaguez, Puerto Rico, on the date the petition was filed in this case.

There are no disputed facts in this case. During 1998, petitioners' primary sources of income were petitioner husband's Federal government salary of $56,746 and a distribution from his Federal retirement account of $97,796. Petitioners filed a joint Federal income tax return for taxable year 1998. On that return they reported a foreign tax credit of $34,616 and zero tax liability. They also reported zero liability for the AMT. In the statutory notice of deficiency, respondent determined that petitioners are liable for the AMT in the amount of $2,483. This is in accord with our calculation under section 55(a), which is as follows:

| | |
|---|---:|
| Taxable income reported by petitioners[1] | $129,603 |
| Exemption deductions claimed by petitioners | 10,800 |
| Itemized deduction claimed by petitioners for taxes paid | 999 |
| Amount of section 68(a) limitation on itemized deductions | (897) |
| Alternative minimum taxable income | 140,505 |
| Exemption amount | (45,000) |
| Taxable excess | 95,505 |
| | |
| Pre-credit tentative minimum tax (26% of taxable excess) | 24,831 |
| AMT foreign tax credit (limited to 90% of $24,831) | (22,348) |

| | |
|---|---:|
| Tentative minimum tax | 2,483 |
| Regular tax | -0- |
| Section 55(a) AMT liability | 2,483 |

[1]The amount listed here as taxable income reflects a computational adjustment made to the amount of taxable income reported on petitioners' return:  Petitioners did not apply the itemized deduction limitation of sec. 68(a), which requires a subtraction of $897 from their claimed itemized deductions.

Petitioners contend that their tax liability "was intentionally miscalculated" by the IRS.  However, as we noted, respondent's calculation of petitioners' tax liability is in accordance with the law.  Petitioners further state that the "issue here is about prejudice and harassment to Puerto Rican taxpayers," and petitioners question the general treatment of residents of Puerto Rico under the Internal Revenue Code.  This Court is not the proper place for these arguments.  We cannot evaluate the fairness of the law but must apply it as it is written; it is up to Congress to address questions of fairness and to make improvements to the law.  Metzger Trust v. Commissioner, 76 T.C. 42, 59-60 (1981), affd. 693 F.2d 459 (5th Cir. 1982).

Petitioners do contest two specific aspects of the AMT calculation.  First, they dispute the treatment of the itemized deduction they claimed on their return for mortgage interest.  This treatment is in fact beneficial to petitioners.  Petitioners had listed this deduction as an adjustment on the Form 6251, Alternative Minimum Tax--Individuals, which they filed with their return.  Respondent determined that this was not a proper

adjustment. Because this adjustment would have increased alternative minimum taxable income and thereby increased AMT liability, respondent's determination in this regard is in petitioners' favor.

Second, petitioners dispute the reduced amount of foreign tax credit which may be used in calculating the tentative minimum tax. They argue that they should not be required to pay Federal income tax when the amount of income taxes paid to Puerto Rico is greater than their regular (non-AMT) Federal tax liability. We have already found that respondent correctly calculated petitioners' tax liability for the year in issue as required by the Internal Revenue Code. In particular, respondent correctly applied the AMT foreign tax credit limitation of section 59(a)(2)(A). See generally Pekar v. Commissioner, 113 T.C. 158, 164-165 (1999) (noting the constitutionality of the foreign tax credit limitation with respect to the AMT). Again, petitioners' dispute is essentially political as it is directed at the manner, albeit an indirect manner, in which Congress has chosen to tax United States citizens who reside in Puerto Rico.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.